IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

    v.

ISSA BATTLE,

       Defendant.

Criminal No. 16-017
Civil No. 20-695
ELECTRONICALLY FILED

### MEMORANDUM OPINION RE: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28, U.S.C. § 2255 (Doc. 114)

Pending is Defendant Issa Battle's counseled Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, U.S.C. § 2255 ("Section 2255 Motion"). (Doc. 114). In his Section 2255 Motion, Defendant contends that his felon in possession of a firearm conviction pursuant to 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)") must be vacated.

Defendant's Section 2255 Motion is premised upon the United States Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) ("*Rehaif*"). In *Rehaif*, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200.

Defendant asserts, and the Government does not contest, that the *Rehaif* decision is retroactively applicable to Defendant's case. (*Id.* at 12). Defendant further claims that upon application of the *Rehaif* decision to his case, because the Indictment did not reference 18 U.S.C. § 924(a)(2) ("Section 924(a)(2)"), and did not allege that Defendant knew of his status as a felon

at the time he possessed the firearm on or about September 23, 2015, the indictment failed to charge a crime against Defendant, and violated his rights under the Fifth and Sixth Amendments to the United States Constitution. (*Id.* at 16-17). Defendant also claims that because Defendant "did not know of the true nature of the charge to which he was pleading guilty, [he] did not admit that he knew he was a prohibited person[,] and [his] guilty plea to the felon in possession charge proceeded without any factual basis offered by the government so as to conclude that [he] possessed the firearm knowing that he was a prohibited person," Defendant's guilty plea was not knowingly, voluntarily, and intelligently made, and thus, the Court's Judgment against Defendant is unlawful because it was obtained in violation of Defendant's rights under the Fifth and Sixth Amendments to the United States Constitution and Federal Rule of Criminal Procedure 11. (*Id*. at 27-28).

## I.  Background

On February 2, 2016, Defendant was charged by Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1). Trial was set to commence on June 1, 2016, with a final pretrial conference scheduled for May 23, 2016.

On May 23, 2016, the Court was informed that Defendant wanted to plead guilty to being a felon in possession of a firearm in violation of Section 922(g)(1) only, and not in violation of 18 U.S.C. § 924(e) ("Section 924(e)"). (Doc. 89 at 4). Section 924(e) states in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

The Court questioned whether Defendant could only plead guilty to Section 922(g)(1), and not Section 924(e), since both were charged in the Indictment. (*Id*. at 4-8). Counsel for both the Government and Defendant agreed that it was not necessary for Defendant to plead guilty to § 924(e), because the statutory section is a penalty provision, and thus, the Court would decide its applicability to Defendant at sentencing. (*Id.* at 5-8). The change of plea hearing, wherein Defendant only pleaded guilty to being a felon in possession of a firearm in violation of Section 922(g)(1), was then held on May 23, 2016. (Doc. 54).

On September 28, 2016, Defendant was sentenced to 188 months' imprisonment for his violation of Section 922(g)(1). (Doc. 83). Defendant appealed the judgment of conviction. (Doc. 84). On August 15, 2017, the Unites States Court of Appeals for the Third Circuit affirmed the judgment of conviction. (Doc. 98). Defendant did not file an application for re-argument with the Court of Appeals for the Third Circuit, or file a petition for a writ of certiorari to the United States Supreme Court. Defendant's judgment of conviction, thus, became final on or about November 15, 2017.

On July 25, 2019, more than one year after Defendant's judgment of conviction was final, Defendant filed a Motion for appointment of counsel so to file a Section 2255 Motion premised upon the United States Supreme Court's decision in *Rehaif*. (Doc. 103). *Rehaif* was decided on June 21, 2019.

On August 2, 2019, the Court denied Defendant's Motion for appointment of counsel, determining that Defendant's Section 2255 Motion would only be timely pursuant to 18 U.S.C. § 2255(f)(3) ("Section 2255(f)(3)"), and that, because "the Supreme Court did not make its decision [in *Rehaif*] retroactive to cases on collateral review." Section 2255(f)(3) would not applicable to Defendant's request for collateral review. (Doc. 104 at 3).

Defendant appealed this Court's denial of his Motion for appointment of counsel. (Doc. 105). On January 29, 2020, the United States Court of Appeals for the Third Circuit remanded the matter back to this Court, stating:

> While only the Supreme Court can make a new rule retroactive for purposes of filing a second or successive 28 U.S.C. § 2255 motion under § 2255(h), see 28 U.S.C. § 2255(h)(2); *Tyler v. Cain*, 533 U.S. 656, 663 (2001), § 2255(f)(3) "allows district courts and courts of appeals to make retroactivity decisions," *United States v. Swinton*, 333 F.3d 481, 487 (3d Cir. 2003). Accordingly, we remand the matter for the District Court to decide in the first instance, in deciding whether counsel should be appointed, whether *Rehaif v. United States*, 139 S. Ct. 2191 (2019), applies retroactively on collateral review.

(Doc. 108).

In the meantime, on November 15, 2019, while this matter was on appeal, Chief Judge Hornak of this Court issued an Administrative Order, filed at Misc. No. 19-1195, whereby he ordered, "that the Federal Public Defender for the Western District of Pennsylvania is appointed to represent any defendant who was previously determined to be entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for federal habeas relief under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of Rehaif, and to present any petitions, motions or applications relating thereto to the Court for disposition." Accordingly, consistent with Administrative Order Misc. No. 19-1195, on March 19, 2020, this Court granted Defendant's Motion for appointment of counsel. (Doc. 112).

Thereafter, on May 6, 2020, Defendant filed the pending Section 2255 Motion, seeking to have his conviction for violating Section 922(g)(1) vacated in light of *Rehaif*. (Doc. 114).

On July 13, 2020, the Government filed its response in opposition to Defendant's Section 2255 Motion. (Doc. 120).

On July 15, 2020, Defendant filed his reply to the Government's response. (Doc. 121).

The parties have fully briefed Defendant's Section 2255 Motion, including the applicability of *Rehaif* to Defendant's request for collateral review. Thus, Defendant's Section 2255 Motion is ripe for adjudication.

**II.      Discussion**

   A.  *Timeliness of Defendant's Section 2255 Motion*

Claims for collateral review brought pursuant to 18 U.S.C. § 2255, such as Defendant's Section 2255 Motion, are governed by the statute of limitations period set forth in 18 U.S.C. § 2255(f). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant asserts that his Section 2255 Motion "is timely pursuant to Title 18 U.S.C. § 2255(f)(3)," because *Rehaif* was decided on June 21, 2019, and he filed his Section 2255 Motion less than one year thereafter. ([Doc. 114 at 12](Doc. 114 at 12))

As explained by the Court of Appeals for the Third Circuit in its mandate remanding this case back to for further proceedings, "§ 2255(f)(3) allows district courts and courts of appeals to make retroactivity decisions." (Doc. 108). Thus, prior to addressing the merits of Defendant's Section 2255 Motion, it is necessary to determine whether *Rehaif* is applicable to cases on collateral review pursuant to an initial Section 2255 Motion.

While both Defendant and the Government agree that the Supreme Court's decision in *Rehaif*, decided on June 21, 2019, is retroactively applicable to Defendant pursuant to Section 2255(f)(3), and thus, Defendant's Section 2255 Motion, filed on May 6, 2020, is timely filed, the Court does not so conclude.

As explained in *United States v. Swinton,* 333 F.3d 481, 484 (3d Cir. 2003), Defendant "can take advantage of [Section 2255(f)(3)] only if [*Rehaif*] creates a "right [that] has been [1] newly recognized by the Supreme Court and [2] made retroactively applicable to cases on collateral review") (quoting 28 U.S.C. § 2255(f)(3)). For the following reason, the Court finds that *Rehaif* is not retroactively applicable to Defendant's request for collateral review. Therefore, because Defendant's Section 2255 Motion is not timely filed under any of subsections of Section 2255(f), Defendant's Section 2255 Motion is time-barred and shall be denied.

1. *18 U.S.C. § 922(g)*

Section 922(g) provides that "[i]t shall be unlawful" for nine categories of persons to possess firearms based on their status. 18 U.S.C. §§ 922(g)(1)-(9). One of the categories of persons is a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Defendant was convicted of violating Section 922(g)(1).

2. *Rehaif - New Rule Analysis*

In *Chaidez v. United States*, 568 U.S. 342 (2013), the Supreme Court stated:

> "[A] case announces a new rule," *Teagu*e explained, "when it breaks new ground or imposes a new obligation" on the government. 489 U.S., at 301, 109 S.Ct. 1060. "To put it differently," we continued, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Ibid*. And a holding is not so dictated, we later stated, unless it would have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527–528, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997).

*Chaidez*, 568 U.S. at 347.  Prior to *Rehaif* being decided, it was universally held by the federal appellate courts that in order to convict a defendant of violating Section 922(g)(1), "the government was required to prove the following elements beyond a reasonable doubt: (1) that [the defendant] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that [the defendant] knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce." *U.S. v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000), as amended (Oct. 27, 2000).  In *Rehaif*, the Court determined that the Government also must prove beyond a reasonable doubt that a defendant "knew he had the relevant status when he possessed [the firearm]." *Rehaif,* 139 S. Ct. at 2194.  Thus, *Rehaif* announced a "new" rule.  *See U.S. v. Whitmire*, Crim. No. 17-34, 2020 WL 4333480, at *1 (S.D. Ohio July 28, 2020) (determining, Rehaif announced a "new" rule); *U.S. v. Montgomery*, 442 F.Supp.3d 875, 884 (W.D. Pa. 2020), as amended (Mar. 4, 2020) (stating, *Rehaif* set forth a "new rule for the conduct of criminal prosecutions").

       3.  *Rehaif – Retroactive Application Analysis*

Generally, a new rule imposed by the Supreme Court is not to be applied retroactively to criminal cases on collateral review.  *Teague v. Lane*, 489 U.S. 288, 311 (1989) (holding, "new ... rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced").  There are, however, two exceptions to this general rule.  A new rule may apply "retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (alteration in original) (quoting *Teague*, 489 U.S. at 311).  A new rule is "substantive" if "it alters the range

of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004).

In *Rehaif,* the Supreme Court clarified what the Government must prove in order to convict an individual in one of the nine prohibited categories enumerated in Section 922(g). As such, the new rule announced in *Rehaif* is a procedural rule, and not a substantive rule. Further, it is not a "watershed" rule of criminal procedure, because it does not implicate "the fundamental fairness and accuracy of the criminal proceeding." *Whorton*, 549 U.S. at 416. *See U.S. v. Whitmire*, 2020 WL 4333480, at *2 (concluding, "R*ehaif* does not change at all those persons who can be prosecuted under § 922(g). Rather, it holds that when the Government does prosecute a person in one of the prohibited categories, it must prove he or she knew that they were in that category. As to § 922(g)(1), the same class of people now as before *Rehaif* is prohibited from possessing a firearm, to wit, those people who have been convicted of a felony. Now the Government must prove that they knew they had been thus convicted, a change in the procedure at trial, not in the classes of people liable."); *U.S. v. Whitmire*, 2020 WL 4039001, at *3 (S.D. Ohio July 17, 2020), report and recommendation adopted, 2020 WL 4333480 (S.D. Ohio July 28, 2020) (report and recommendation concluding, "Rehaif did not announce a new 'substantive rule,' i.e. a rule placing certain individual conduct beyond the power of the government to prohibit or punishment of a certain class of people. Instead, it specified what the Government must plead and prove to convict someone of the conduct prohibited by 18 U.S.C. § 922(g), a rule of procedure, but plainly not a 'watershed' rule"); *U.S. v. Goodjohn*, Crim. No. 18-53, 2020 WL 3642684, at *2 (S.D. Ohio July 6, 2020) (report and recommendation concluding, "Rehaif is not a case which narrowed the class of punishable conduct under

§ 922(g)"); *U.S. v. Fugate*, Crim. No. 09-165, 2020 WL 3469269, at *3 (S.D. Ohio June 25, 2020) (concluding, *Rehaif* is not retroactive to an initial Section 2255 Motion because *Rehaif* "narrows neither the classes of people who can be punished nor the conduct for which they can be punished and it is not a 'watershed' rule in the sense of affecting a major change in criminal procedure").

In conclusion, although Defendant filed his Section 2255 Motion within one year of the issuance of *Rehaif*, because the new rule set forth in *Rehaif* does not apply retroactively to cases on collateral review, Defendant's Section 2255 Motion is barred by the applicable statute of limitations, 28 U.S.C. § 2255(f), and for this reason, shall be denied. *See U.S. v. Rushton*, Crim. No. 18-329, 2020 WL 4734720, at *2 (N.D. Ohio Aug. 14, 2020) (explaining, "because *Rehaif* does not apply retroactively to cases on collateral review, the time frame set forth under 28 U.S.C. § 2255(f)(3) does not apply, and Rushton's motion is time-barred"); *Chavez v. U.S.*, Crim. 09-504, 2020 WL 4430381, at *4 (D.N.M. July 31, 2020) (holding, "[b]ecause *Rehaif* is not retroactively applicable, Chavez's [initial] § 2255 motion is barred by the one-year statute of limitations under 28 U.S.C. § 2255(f)"); *Swindle v. U.S.*, Crim. No. 17-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020, appeal filed (6th Cir., July 8, 2020) (concluding, "[b]ecause *Rehaif* does not apply retroactively to cases on collateral review, Swindle's motion is not timely under § 2255(f)(3)"). *See also U.S. v. McArthur*, Crim. No.16-53, 2020 WL 3064293, at *2 (W.D. Pa. June 9, 2020) (J. Conti) (denying motion for appointment of counsel to file an initial Section 2255 Motion premised upon *Rehaif*, citing in support the holding of the Court of Appeals for the Third Circuit's holding in *In re Sampson*, 954 F.3d 159, 161 n. 3 (3d Cir. 2020)).

B.  *Procedural Default and Lack of Actual Innocence*

Defendant's Section 2255 Motion also shall be denied because Defendant has procedurally defaulted the claims upon which his Section 2255 Motion is based, and Defendant cannot establish "actual innocence" such that procedural default should be excused to prevent a fundamental miscarriage of justice.

1. *Procedural Default*

As stated *supra*., Defendant's Section 2255 Motion is premised on the following two claims.  First, Defendant claims that because the Indictment did not reference 18 U.S.C. § 924(a)(2), and did not allege that Defendant knew of his status as a felon at the time he possessed the firearm on or about September 23, 2015, the indictment failed to charge a crime against Defendant and violated his rights under the Fifth and Sixth Amendments to the United States Constitution.  (Doc. 114 at 16-17).  Second, Defendant claims that because he "did not know of the true nature of the charge to which he was pleading guilty, [he] did not admit that he knew he was a prohibited person[,] and [his] guilty plea to the felon in possession charge proceeded without any factual basis offered by the government so as to conclude that [he] possessed the firearm knowing that he was a prohibited person," Defendant's guilty plea was not knowingly, voluntarily, and intelligently made, and thus, the Court's Judgment against Defendant is unlawful because it was obtained in violation of Defendant's rights under the Fifth and Sixth Amendments to the United States Constitution and Federal Rule of Criminal Procedure 11.  (*Id*. at 27-28).

Defendant, however, did not appeal his conviction, and thus, did not raise these claims on direct appeal.  "The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  *Massaro v. U.S.*, 538 U.S.

10

500, 504 (2003).  *See also Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (stating, "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review").

Defendant asserts that it "is the extraordinary novelty of the Rehaif opinion that results [in] sufficient cause."  (Doc. 114 at 30 n. 3).  The Court disagrees.  The *Rehaif* decision is not "so novel that its legal basis [was] not reasonably available to counsel."  *Reed v. Ross*, 468 U.S. 1, 16 (1984).  As explained in *United States v. Scott*, Crim. No. 17-23, 2020 WL 1030927 (E.D. La. Mar. 3, 2020), reconsideration denied, 2020 WL 1848078 (E.D. La. Apr. 13, 2020):

> Although a procedural default may be excused if a constitutional claim is "so novel that its legal basis is not reasonably available to counsel" when the defendant appeals his conviction, [Defendant's] *Rehaif* claim does not fall into that category. While lower court decisions prior to *Rehaif* had held that the government did not need to prove the *mens rea* requirement to convict a defendant under § 922(g), the issue had been litigated in federal courts across jurisdictions for many years prior to Scott's conviction. *See United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (collecting cases across circuits examining whether the government needed to prove the defendant's knowledge of his prohibited status to establish a violation of § 922(g)); *United States v. Bryant*, No. 11 CR 765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in Rehaif was percolating in the courts for years.") (collecting cases); *United States v. Wilson,* No. 1:17-CR-60, 2019 WL 6606340, at *6 (W.D. Mich. Dec. 5, 2019) ("[O]ther defendants ha[ve] litigated the issue of whether a defendant's knowledge of his status was a required element for a conviction under § 922(g).").

*Scott*, 2020 WL 1030927, at *13 (footnote omitted).  Therefore, Defendant has not established cause for his failure to raise his claims on direct appeal, and his claims are procedurally defaulted.[1]

---

[1] Because Defendant has not established cause for his failure to raise his claims on direct review, it is not necessary for the Court to address the issue of prejudice, and for judicial economy, elects not to do so.

11

2. *Lack of Actual Innocence*

To prevent a fundamental miscarriage of justice, a Court can excuse a procedural default on federal habeas, and consider a claim on its merits, if a petitioner can establish that he is "actually innocent." *Smith v. Murray*, 477 U.S. 527, 537 (1986). As summarized by the Court of Appeals for the Third Circuit in *Sweger v. Chesney*, 294 F.3d 506, 522–23 (3d Cir. 2002):

> To establish actual innocence, "a habeas petitioner must 'persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The Supreme Court has required a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851 (emphasis added); *see also Cristin*, 281 F.3d at 420. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851; *see also Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000) (noting that the actual innocence exception "will apply only in extraordinary cases").

*Sweger,* 294 F.3d at 522-523. *See also Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (explaining, "Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent. To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.") (citations and internal quotation marks omitted).

Defendant posits that he is actually innocent of violating Section 922(g)(1) "as he did not know of his prohibited status as a result of his prior convictions." (Doc. 114 at 32). Defendant has not, however, submitted any evidence in support of his actual innocence claim. Instead,

Defendant asserts that he is entitled to a hearing on the issue of his actual innocence if the Court concludes that he is barred by procedural default. (*Id.*).

The Court disagrees. In light of the evidence produced by the Government in response to Defendant's Section 2255 Motion, combined with the evidence already part of the Record, the Court finds that Defendant cannot establish that he is "actually innocent" of violating Section 922(g)(1), *i.e.*, Defendant cannot "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" of violating Section 922(g)(1). *Bousley*, 523 U.S. at 623. Therefore: (1) an evidentiary hearing on Defendant's claim that he is actually innocent of violating Section 922(g)(1) is not necessary; (2) Defendant's procedural default shall not be excused; and (3) Defendant's Section 2255 Motion shall be denied for procedural default of the claims upon which Defendant's Section 2255 Motion is based. *See Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989) (concluding, " the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief . . . .") (citation omitted).

Specifically, the following evidence of Record is such that a reasonable juror would have concluded, beyond a reasonable doubt, that Defendant was aware of his status as a felon when he possessed the firearm at issue in the Indictment on or about September 23, 2015.[2]  First, as set forth in his Presentence Investigation Report, to which Defendant did not object, prior to possessing the firearm on or about September 23, 2015, Defendant had pleaded guilty to, and been convicted of, seven felony offenses under Pennsylvania law, which resulted in Defendant being sentenced twice to terms of imprisonment in excess of one year, first, for three to six years in state prison (in 2004), and later, for 42 to 48 months in state prison (in 2008).

---

[2] In so holding, the Court did not rely on any statements made by Defendant at his September 28, 2016 sentencing hearing.

13

(Doc. 62 at ¶¶ 32-37).

Second, the Government attached to its response to Defendant's Section 2255 Motion, the written guilty plea colloquies for Defendant's state court convictions in 2004, and the written colloquy for the guilty plea entered in Defendant's 2008 state court conviction, all which were initialed by Defendant, and in which Defendant answered "yes," to the question "Have you and your attorney discussed the maximum possible sentences which this Court could impose." (Doc. 120-1 at 17, Doc. 120-2 at 15, Doc. 120-3 at 13, Doc. 120-4 at 16).

Third, attached to the Government's Sentencing Memorandum, and thus, a part of the Record in this case, are the transcripts from Defendant's September 22, 2004 state court Plea and Sentence hearing, and Defendant's March 31, 2008 state court Guilty Plea hearing. (Doc. 73-1, Doc. 73-2). In both transcripts, the state court informed Defendant that the maximum term of imprisonment for each of the felony offenses with which Defendant was charged was punishable by imprisonment for a term well in excess of one year (the maximums ranged from seven to fifteen years' imprisonment for each felony offense). (*Id.*). Further, in the 2004 transcript, after telling Defendant the maximum sentences for each offense charged, the state court asked Defendant, "[d]o you understand the maximum jail sentence and fines that can be imposed," to which Defendant answered "[y]es, sir." (Doc. 73-1 at 5). Additionally, in the 2008 transcript, the state court informed Defendant of the maximum penalties for the felonies charged against Defendant (ten years at count 1 and seven years at count 2), and further stated, "[a]nd, you know, we need people to give me a reason why I shouldn't put you away for five or six years to protect you from you. Let your lawyer and your mother try to do that, okay?," to which Defendant responded, "[y]es sir." (Doc. 73-2 at 26, 50).

14

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, U.S.C. § 2255 ([Doc. 114](#)) is DENIED.  Further, a certificate of appealability will not issue because Defendant has failed to "make a substantial showing of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

An appropriate Order follows.

SO ORDERED this 21st day of August, 2020.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge


cc:   All ECF Registered Counsel of Record