Mr. Issa Battles #37857-068
FCI-Gilmer  PO Box 6000
Glenville, WV. 26351

U.S. District Court for
The Western District of Pennsylvania          02-12-21
700 Grant St.
Pittsburgh, PA. 15219

Re: United States v. Battles, No. 16-CR-17
    (District Court Judge Schwab)

Honorable Judge Schwab:

   Your Honor, I am sending this correspondence in order to enlighten this Court as to the dire need and dangerous conditions within FCI-Gilmer, (the facility in which I reside).
   It is well known that the COVID-19 pandemic has effected and/or decimated vast portions of the United States as well as other countries around the world. Causing devastating heart ache and critical adjustments worldwide.
   But, what I wish this Honorable Court to take notice of is the blatant disregard for individuals incarcerated (within Fed. Corr. Inst. - Gilmer).

Although the institution has been on a modified movement schedule since the pandemic started its deadly course, this has not refrained the former warden (Mr. Robert Hudgins) from permitting the transportation of <u>ALREADY</u> infected individuals <u>INTO</u> the facility for quarantine purposes, thereby <u>CAUSING</u> outbreak situations as well as allowing staff to continue to work <u>WHILE</u> infected, refusing to properly screen and/or test (staff or residents).

Understanding the multiple requests he [the warden] may receive for Compassionate Release due to COVID-19, a standard template denial letter is sent to <u>ALL</u> that request relief, (see attached correspondent from warden), regardless of medical condition(s), contraction danger, etc., etc. Couple this with the statement made in the unit by the warden:

"Before you ask, I'm not letting anyone go. There's no infection here..."

demonstrates such a disregard.

This disregard has finally become personal. Just recently, I contract COVID-19 with my cellmate and several other individuals within the unit I

Reside within. One individual did not survive and passed away from COVID-19, with two more under ICU status.

Through the warden's denial, it has caused numerous outbreaks, institutional lockdowns, confirmed cases and deaths.

I am humbly requesting that this Honorable Court appoint counsel to articulate a Compassionate Release petition.

It is also humbly requested that this Honorable Court appoint defense counsel Adam B. Cogan, due to the fact that counsel is already appointed as counsel within my recently filed petition and Appeal Court hearing.

Respectfully Submitted

_Issa Battle_
Mr. Issa Battle
Reg. No. 37857-068

## INMATE REQUEST TO STAFF MEMBER RESPONSE

NAME: Battle, Issa
REG. NO.: 37857-068

---

This is in response to your Inmate Request to Staff Member in which you request consideration for a Reduction in Sentence (RIS) / Compassionate Release. Specifically, you wish to be considered due to extraordinary or compelling circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_____    Date: 9/28/2020
R. Hudgins, Warden

cc: Medical Records
    Unit Team